**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **TIFFANY VANSCIVER**<br><br>*Plaintiff,*<br><br>**CITY OF MILLERSVILLE, TENNESSEE**<br><br>**STEPHEN HALE, individually and in his official capacity as Chief of Millersville Police Department,**<br>**JOHN CURATOLO, individually and as Captain of Millersville Police Department and MICHAEL HOUSEWRIGHT, individually and as City Manager of City of Millersville**<br><br>*Defendants* | ) | **Docket No.____________**<br>**JURY DEMAND** |

---

**COMPLAINT**

---

Plaintiff, Tiffany VanSciver, by and through counsel, files this Complaint for damages against the City of Millersville, Stephen Hale individually and in his official capacity as Chief of the Millersville Police Department (MPD), John Curatolo, individually and in his official capacity as Captain with MPD, and Michael Housewright, individually and in his official capacity as City Manager of Millersville. In support of her claims, Plaintiff states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Tiffany VanSciver is a resident of Robertson County, Tennessee. At all times relevant, VanSciver was an employee of MPD.

2. Upon information and belief, Chief Stephen Hale is a resident of Tennessee located within the Middle District of Tennessee and can be served at 1246 Louisville Hwy Millersville, TN 37072.

3. Upon information and belief, Captain John Curatolo is a resident of Tennessee located within the Middle District of Tennessee and can be served at 1246 Louisville Hwy Millersville, TN 37072.

4. Upon information and belief, City Manager Michael Housewright is a resident of Tennessee located within the Middle District of Tennessee and can be served at 1246 Louisville Hwy Millersville, TN 37072.

5. The City of Millersville is a political sub-division of the State of Tennessee and was, at all relevant times, organized and existing under the laws of Tennessee. The City of Millersville operates the MPD and employs and/or employed the named Defendants at all material times. The City of Millersville can be served at 1246 Louisville Hwy Millersville, TN 37072. The City of Millersville operates within Sumner and Roberston Counties, Tennessee, and the Middle District of Tennessee.

6. All acts and omissions alleged in this Complaint occurred in Sumner and/or Roberston Counties, Tennessee, which is in the Middle District of Tennessee. This case presents federal question jurisdiction which includes federal constitutional violations under 42 U.S.C. § 1983. Jurisdiction and venue are proper with this Court pursuant to 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over any state law claims that may be brought pursuant to 28 U.S.C. § 1367.

## FACTS

7. The allegations in the foregoing paragraphs are incorporated by reference herein.

8. At all times relevant, Plaintiff was employed by MPD.

9. In July 2024, Plaintiff was promoted to Patrol Sergeant.

10. In May 2025, Chief Stephen Hale assumed command of the Millersville Police Department.

11. On June 6, 2025, Plaintiff transitioned to the position of Administrative Sergeant, a day shift position.

12. On August 20, 2025, after directly notifying Chief Hale, Plaintiff attended a medical appointment and used the appropriate leave to do so.

13. While Plaintiff was at the appointment, Chief Hale sent text messages requesting medical documentation related to the visit.

14. On August 23, 2025, Chief Hale and a former detective went to Plaintiff's doctor's office to ask questions regarding her medical treatment, including the appointment and scheduling. The visit to Plaintiff's doctor's office caused Plaintiff embarrassment.

15. On August 23, 2025, a male officer brought in a doctor's excuse and was given time off to recover from a dog bite, but his doctor's office was not visited.

16. On August 25, 2025, Plaintiff received an email stating that her final Federal Bureau of Investigation Law Enforcement Executive Development Association (FBI-LEEDA) Executive Leadership Institute class had been canceled. Plaintiff had already completed all but this final session. The cancellation prevented Plaintiff from completing a professional milestone she had been pursuing for years.

17. After the cancellation of Plaintiff's training, Chief Hale attended training in Knoxville with city-paid travel and hotel expenses.

18. A few days after August 20, 2025, Captain Curatolo called Plaintiff into his office and verbally reprimanded her for leaving a meeting to attend her doctor's appointment. Captain Curatolo informed Plaintiff that Chief Hale stated he did not know Plaintiff was leaving, despite

Plaintiff informing Chief Hale prior to her appointment. Captain Curatolo told Plaintiff that she needed to plan her medical appointments around important meetings and the needs of the department.

19. On September 5, 2025, Captain Curatolo issued a memorandum reassigning Plaintiff from administrative duties back to patrol. The reassignment placed Plaintiff on 10-hour night shifts, after being on day shift, despite Chief Hale knowing Plaintiff could not work night shifts because of childcare obligations.

20. After August 20, 2025, Plaintiff was increasingly excluded from administrative functions and communications.

21. Captain Curatolo routinely failed to respond to Plaintiff's communications.

22. Plaintiff's meetings with Chief Hale began to be restricted, and she was told he had limited time and was required to go through Captain Curatolo, even though other officers had more direct access. Prior to this exclusion, Plaintiff had direct access to Chief Hale.

23. Chief Hale began having Plaintiff followed on camera at work to see if she was going to Human Resources and how often, as well as to determine where she was going in her patrol vehicle.

24. On September 15, 2025, Plaintiff filed a formal grievance through Human Resources.

25. City Manager Michael Housewright returned the grievance to Plaintiff and stated that her grievances would not be considered or looked at until she had tried to work things out with Chief Hale and Captain Curatolo.

26. City Manager Housewright also instructed Plaintiff to bring the grievances to Chief Hale and Captain Curatolo, the individuals against whom the grievances were filed, and if they saw fit, the grievances would go back to him to proceed.

27. Plaintiff stated in her grievances that she was in fear of Chief Hale and Captain Curatolo.

28. In September 2025, Plaintiff initiated an Equal Employment Opportunity Commission (EEOC) complaint and filed charges.

29. On September 20, 2025, Plaintiff submitted a request for accommodation under the Americans with Disabilities Act (ADA) via email. Plaintiff's ADA accommodation request was verified as received but was not addressed.

30. In September 2025, Plaintiff requested leave under the Family and Medical Leave Act (FMLA), which was denied.

31. In September 2025, Plaintiff filed a workers' compensation claim for Post-Traumatic Stress Disorder (PTSD), which was denied.

32. In December 2025, Plaintiff was admitted into an Intensive Outpatient Program.

33. Plaintiff remains in treatment for conditions and injuries directly related to her employment.

34. Chief Hale has made multiple threats to Plaintiff including that if she made contact with individuals at MPD, including any former chain of command, that she would be terminated.

35. During Plaintiff's employment, Captain Curatolo expressed displeasure with female leadership.

36. Chief Hale referred to Plaintiff as a "walking lawsuit" to other officers, demonstrating retaliatory animus.

37. During her employment with MPD, Plaintiff was isolated and undermined in front of subordinates and has been fearful of returning to work.

38. As a result of the events described above, Plaintiff lost confidence in department leadership and believed she was being pushed toward resignation.

39. In February 2026, Plaintiff filed an additional EEOC charge.

## <u>CAUSES OF ACTION</u>

### I. Interference with FMLA Rights in Violation of 29 U.S.C. § 2601, 2615

*Against all Defendants*

40. The allegations in the foregoing paragraphs are incorporated by reference herein.

41. Plaintiff was an eligible employee of MPD under the FMLA and had been employed for more than twelve months.

42. Defendant City of Millersville was an employer covered by the FMLA and subject to the Act's requirements.

43. Upon information and belief, the City of Millersville, Tennessee is a public agency and employs more than fifty employees.

44. Plaintiff was entitled to FMLA leave.

45. Plaintiff had a serious health condition requiring medical treatment and appointments.

46. Plaintiff gave notice to Defendant of her intention to take FMLA leave.

47. On August 20, 2025, Plaintiff notified Chief Hale that she was leaving to attend her doctor's appointment.

48. Plaintiff attended a protected medical appointment on August 20, 2025.

49. Defendant denied Plaintiff FMLA benefits to which she was entitled.

50. Plaintiff filed FMLA requests which were later denied.

51. Other employees were granted FMLA without issue.

52. Defendants interfered with Plaintiff's right to take FMLA leave by demanding medical documentation during the appointment, visiting her doctor's office, reprimanding her for attending the appointment, and denying her FMLA requests.

53. As a direct and proximate result of Defendants' interference with Plaintiff's FMLA rights, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, and medical expenses.

## II. Retaliation in Violation of the FMLA, 29 U.S.C. § 2615

*Against all Defendants*

54. The allegations in the foregoing paragraphs are incorporated by reference herein.

55. In addition to the foregoing, Plaintiff states that Defendants took adverse employment action against Plaintiff.

56. On August 25, 2025, Plaintiff's final FBI-LEEDA Executive Leadership Institute class was canceled, preventing completion of a professional milestone.

57. On September 5, 2025, Plaintiff was reassigned from administrative duties back to patrol.

58. Plaintiff was placed on 10-hour night shifts despite Chief Hale's knowledge of her childcare obligations.

59. Plaintiff was excluded from administrative functions and communications.

60. Plaintiff's emails and text messages were ignored.

61. Plaintiff's access to Chief Hale was restricted.

62. Defendants' actions resulted in a materially adverse change in the terms and conditions of employment. Defendants' actions resulted in in an adverse effect on the terms, conditions, or benefits' of employment.

63. Plaintiff had been engaged in an activity protected by the FMLA.

64. Defendants knew about Plaintiff's protected activity and took adverse action against her.

65. The adverse action was causally connected to Plaintiff's exercise of FMLA rights.

66. The temporal proximity between Plaintiff's protected leave on August 20, 2025, and the adverse actions beginning on August 23, 2025, and continuing through September 2025, establishes a causal connection.

67. Chief Hale made threatening statements to Plaintiff after she took protected leave.

68. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages including lost wages, lost benefits, lost career advancement opportunities, emotional distress, and medical expenses.

## III. Violation of Constitutional Right to Privacy Under 42 U.S.C. § 1983 and the Fourteenth Amendment

*Against all Defendants*

69. The allegations in the foregoing paragraphs are incorporated by reference herein.

70. At all times relevant, Defendants acted under color of state law.

71. Chief Hale, Captain Curatolo, and City Manager Housewright were acting under color of state law as employees of the MPD and City of Millersville.

72. Defendants were acting within the scope of their employment and exercising authority granted to them by the City of Millersville.

73. Defendants' conduct deprived Plaintiff of rights secured by the Constitution and/or federal law.

74. Defendants' conduct, including but not limited to the demand for medical documentation and going to Plaintiff's medical provider's office to verify Plaintiff's medical treatment, including verifying her appointment and questioning staff about scheduling, intruded into Plaintiff's medical privacy.

75. Plaintiff has a fundamental, constitutional right to privacy in her medical information.

76. Defendants' actions were so egregious that they shocked the conscience.

77. The Defendants were directly involved in the constitutional violation.

78. There was no legitimate state interest warranting the Defendants' actions.

79. Defendants' conduct violated Plaintiff's constitutional right to privacy.

80. Plaintiff suffered damages as a result.

81. Plaintiff suffered embarrassment, emotional distress, and interference with her medical care as a result of Defendants' intrusion into her medical privacy.

82. As a direct and proximate result of Defendants' violation of Plaintiff's constitutional right to privacy, Plaintiff suffered damages including emotional distress, embarrassment, and interference with medical care.

## IV. Municipal Liability Under 42 U.S.C. § 1983

*Against the City of Millersville*

83. The allegations in the foregoing paragraphs are incorporated by reference herein.

84. The City of Millersville is a municipal corporation subject to liability under Section 1983.

85. The violations of Plaintiff's constitutional rights described above resulted from a municipal policy, custom, or practice of the City of Millersville.

86. The City of Millersville had a policy, custom, or practice of tolerating discrimination, retaliation, and violations of constitutional rights.

87. The City of Millersville, as a municipality, may be held liable under 42 U.S.C. §1983 if there exists a well-established policy, custom, or practice that served as the driving force behind the Plaintiff's constitutional claims or if an individual with final policymaking authority for the municipality caused the constitutional deprivation.

88. The City of Millersville failed to adequately train and supervise its employees regarding constitutional rights, discrimination, and retaliation.

89. The City of Millersville was deliberately indifferent to the need for such training and supervision.

90. The City of Millersville's failure to train and supervise was the moving force behind the violations of Plaintiff's constitutional rights.

91. As a direct and proximate result of the City of Millersville's policies, customs, and practices, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, and violation of constitutional rights.

**V. Vicarious Liability/Respondeat Superior**

*Against City of Millersville*

92. The allegations in the foregoing paragraphs are incorporated by reference herein.

93. Plaintiff submits and avers that the City of Millersville, as principal, is liable for any and all acts and/or omissions, negligent, intentional or otherwise, that were performed or committed by their agents and/or employees including but not limited to the named Defendants and others and pursuant to the doctrine of vicarious liability and/or the doctrine of *respondeat superior*. Plaintiff seeks to hold the City of Millersville liable for the animus and retaliation of the individual officials and employees who acted as the agents and/or employees.

**VI. Punitive Damages**

*Against all Defendants*

94. The allegations in the foregoing paragraphs are incorporated by reference herein.

95. Plaintiff avers that the Defendants' conduct is reckless, knowing, and intentional and entitles them to punitive damages in an amount to be determined by a Jury.

**WHEREFORE**, Tiffany VanSciver prays for the following:

a. That Defendants be served a copy of this Complaint and be required to answer within the time prescribed by the Federal Rules of Civil Procedure.

b. That a Jury be empaneled to determine the issues.

c. That the Court award further compensatory damages, as described above, to include any economic and non-economic damages for the Plaintiff in the amount of $1,000,000.00.

d. That the Plaintiff be awarded treble damages, punitive damages, and/or nominal damages pursuant in an amount to be determined by a jury.

e. That the Court award attorney's fees pursuant to 42 U.S.C. § 1983, § 1988, and other applicable law.

f. That the Court assesses all discretionary and non-discretionary costs and both pre and post-judgment interest against the Defendants.

g. Any other further and general relief to which the Plaintiff would be entitled in the premises.

Respectfully submitted,

*/s/ L. Scott Miller*
L. Scott Miller (TN BPR. No. 034102)
L. S. MILLER LAW, PLLC
106 Gore Road
Knoxville, Tennessee 37919
T: (865) 332-0922 telephone
E: lsmiller@lsmlaw.com
COUNSEL FOR PLAINTIFF,
TIFFANY VANSCIVER